1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIANO MEJIA, | ) Case No.: 1:13-cv-00851-SAB (HC) |
| Petitioner, | ) |
| | ) ORDER DENYING PETITION FOR WRIT OF |
| v. | ) HABEAS CORPUS, DIRECTING CLERK OF |
| | ) COURT TO ENTER JUDGMENT IN FAVOR OF |
| CONNIE GIPSON, | ) RESPONDENT, AND DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |
| | ) (ECF No. 1) |
| | ) |
| | ) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United
States magistrate judge.  Local Rule 305(b).

**I.**

**RELEVANT HISTORY**

In 1999, a jury convicted Petitioner of multiple felonies, including five counts of forcible rape
(Ca. Pen Code § 261, subd. (a)(2)) and two counts of kidnapping (§ 207, subd. (a)).  The jury found all
of the various enhancement allegations true, with the exception of one.  Petitioner was sentenced to 61
years and 4 months in state prison.[1]

---

[1] A three year term and eight-month term were subsequently stricken on appeal.

In May 2006, this Court granted Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 finding the trial court erred in instructing the jury relating to his five counts for forcible rape.  In 2008, the United States Court of Appeals for the Ninth Circuit affirmed this Court's judgment.

In November 2009, the State of California expressed its intention to retry the case.  In response, Petitioner pled no contest to the five counts of forcible rape and admitted the firearm use enhancement allegations.

On January 12, 2010, Petitioner was sentenced to 60 years and 8 months, with custody credit of 662 days.  The sentence included a three year term on the count 8 firearm use enhancement.

On April 26, 2011, the California Court of Appeal, Fifth Appellate District remanded the case to the trial court for the limited purpose of (1) striking the firearm use enhancement imposed in relation to count 8; and (2) recalculating the number of actual days of custody credit.

On July 26, 2012, the California Court of Appeal, Fifth Appellate District modified the judgment as follows:

> As of July 11, 2011, appellant is awarded 4, 687 days of actual time credits and 216 days of custody credits.  As modified the judgment is affirmed.  The trial court is directed to issue a new abstract of judgment indicating this modification and, in addition, the following: (1) In connection with appellant's count 6 kidnapping conviction, the imposition of a two-year enhancement under former Penal Code section 12022.5, subdivision (a), and (2) all convictions suffered by appellant in the instant case, as indicated on the first and third pages of the abstract of judgment filed July 11, 2011.  Appellant need not be present.  The trial court is directed to forward a certified copy of the new abstract of judgment to the Director of the Department of Corrections and Rehabilitation.

(People v. Mejia, F063236, 2012 WL 3039733 *5.)

Petitioner subsequently filed state habeas corpus petitions in the California Superior Court for the County of Tulare and California Supreme Court, which were both denied.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) pursuant to a July 11, 2011, judgment of the California Superior Court, Tulare County, as modified, which imposed an aggregate state prison term of sixty years and eight months for a plea of no contest to kidnapping and forcible rapes.

Petitioner filed the instant petition for writ of habeas corpus June 5, 2013.  Respondent filed an answer to the petition on July 22, 2013.  Petitioner filed a traverse on August 20, 2013.

## II.

## STATEMENT OF FACTS

Because the factual circumstances set forth in detail by the state appellate court underlying Petitioner's conviction are not relevant to the sole sentencing claim raised in the petition, the Court does not recite them here.

## III.

## DISCUSSION

### A.    Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B.    Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

1

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

28 U.S.C. § 2254(d).  "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000).  Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)).  "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.  Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent.  Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009).  Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011).  Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

22

23

24

25

26

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Both subsections (d)(2) and (e)(1) of § 2254 apply to

27

28

4

findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion.  See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991).  However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Richter, 131 S.Ct. at 784.

**C.      Ineffective Assistance of Appellate Counsel**

As set forth above, after this Court granted Petitioner's first federal writ of habeas corpus reversing five counts of rape, Petitioner subsequently pled guilty to those offenses.   On his first direct appeal, counsel Carol Andreani, successfully challenged Petitioner's sentence, including credits.  The State conceded the error, and the appellate court remanded the case back to the trial court for resentencing.

On remand, the trial court modified the sentence ex parte.  (Ex. B at 2.)  On a subsequent appeal by counsel Richard Levy, Petitioner challenged the ex parte nature of the trial court order and argued the new abstract of judgment failed to correctly reflect the judgment.

In the 2012 opinion, the appellate court declined to determine if the trial court's order was authorized to be ex parte because it found there was no prejudice.  (Ex. B at 3.)  The appellate court then sua sponte corrected the credit errors in the new judgment and (with no objection by the parties) ordered creation of a new abstract of judgment to correctly reflect the new judgment in all respects. (Ex. B. at 5.)

Petitioner now claims that appellate attorney Levy was ineffective by failing to claim that trial counsel ineffectively allowed him to plead guilty without a plea bargain.

First, ineffective assistance of counsel claims are typically raised by way of collateral review, not direct appellate review.  Thus, it is reasonable to assume that appellate counsel knew that direct review is confined to the appellate record, and an appellate attack on trial counsel's failure to litigate a point is virtually meaningless.  See, e.g., People v. Mendoza-Tello, 15 Cal.4th 264, 266-267 (1997); In re Carpenter, 9 Cal.4th 634, 646 (1995) ("[a]ppellate jurisdiction is limited to the four corners of the record on appeal.)

1   Second, appellate counsel Levy represented Petitioner on the post-remand appeal, and there is

2   no basis to find that it was procedurally possible to raise a claim of ineffective assistance as to the plea

3   itself.  It is reasonable to assume that at least one fairminded jurist would find that counsel Levy knew

4   an attack on the plea itself could not presented on the post-remand appeal.  Richter, 131 S.Ct. at 786

5   Under California law, if an issue "was ripe for decision by the appellate court at the time of the

6   previous appeal," and "there has been no significant change in the underlying facts or applicable law,"

7   and "the defendant has offered no reasonable justification for the delay," the attempt to raise an issue

8   for the first time on a subsequent appeal will be rejected.  People v. Senior, 33 Cal.App.4th 531, 538

9   (1995).  Trial counsel did not engage in any additional actions after the first post-guilty-plea appeal,

10  thus if the appellate record supported a basis for a claim that trial counsel was ineffective, then the

11  same record would have supported the claim on the first appeal.  In addition, there is no basis to

12  suggest that there was any intervening change in the law.

13  Furthermore, after a remand as a result of a partial reversal, a subsequent appeal is limited to

14  matters that arose "under the form of reversal" that the appellate order specified.  People v. Havel, 141

15  Cal.App.2d 156, 157 (1956).  With regard to all other matters, the judgment is implied affirmed,

16  resulting in the lower court lacking in jurisdiction to review new matters not incorporated into the

17  appellate court's directions.  See People v. Smyers, 2 Cal.App.3d 666, 668 (1969); People v. Dutra,

18  145 Cal.App.4th 1359, 1367 (2006).  A later appeal is limited to claims arising from the remand itself.

19  People v. Deere, 53 Cal.3d 705, 713 (1991); People v. Murphy, 88 Cal.App.4th 392, 395-397 (2001).

20  Since the 2011 decision remanded the case on specific issues relating to Petitioner's sentence,

21  counsel Levy presumptively knew that a claim relating to trial counsel's ineffectiveness with regard to

22  his guilty plea itself was barred.  Because there is no reasonable probability that such a claim would

23  have been successful on appeal, appellate counsel's failure to raise the issue does not constitute

24  ineffective assistance.  See Jones v. Smith, 231 F.3d 1227, 1239 n. 8 (9th Cir. 2000).  A reasonable

25  jurist could agree that the state court decision was correct that appellate counsel was not ineffective for

26  failing to raise this claim on direct appeal.  Accordingly, the state courts' determination of this issue

27  was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

28  28 U.S.C. § 2254(d)(1).

1

**D.      Certificate of Appealability**

2

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or

3

deny a certificate of appealability when it enters a final order adverse to the petitioner.  The

4

requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that

5

protects the Court of Appeals from having to devote resources to frivolous issues, while at the same

6

time affording petitioners an opportunity to persuade the Court that, through full briefing and

7

argument, the potential merit of claims may appear.  <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025 (9th

8

Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to

9

appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

10

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253,

11

provides as follows:

12

13

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

14

15

16

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

17

18

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

19

20

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

21

(B) the final order in a proceeding under section 2255.

22

23

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

24

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

25

26

This Court will issue a certificate of appealability when a petitioner makes a substantial

27

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial

28

showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that

7

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is DENIED;

2.      The Clerk of Court is directed to enter judgment in favor of Respondent; and

3.      The Court decline to issue a certificate of appealability.


IT IS SO ORDERED.


Dated:   __**September 23, 2013**__         _____

UNITED STATES MAGISTRATE JUDGE